*In re* MATÍAS DÍAZ GARCÍA, querellado.

*Número:* O-75-11     *Resuelto:* 30 de enero de 1976

*Miriam Naveira de Rodón, Procuradora General, Ruth Tentori y Adolfo J. Vila, Procuradores Generales Auxiliares,* aboga-dos de El Pueblo; el querellado compareció por su propio de-recho.

PER CURIAM: Contra el abogado notario Matías Díaz Gar-cía la Procurador General de Puerto Rico radicó el 10 de enero de 1975 querella conteniendo los siguientes cargos:

*"PRIMER CARGO:* El querellado, prevaliéndose de su condi-ción de abogado de Rosa Camelia Figueroa se comprometió a negociar tres pagarés hipotecarios al portador por la cantidad de $5,000.00 cada uno, garantizados por la escritura de hipoteca número 100 del año 1947, otorgada ante el notario Lcdo. Diego Guerrero Noble, cuya hipoteca se constituyó sobre una propiedad de la referida Rosa Camelia Figueroa. Hasta la fecha de hoy el querellado no ha entregado a Rosa Camelia Figueroa dinero alguno proveniente de la negociación encomendada, así como tampoco ha devuelto los pagarés a la mencionada quejosa, a pesar de haber sido requerido por ésta, para que así lo hiciera. Las referidas actuaciones son constitutivas de una conducta inmoral, ilegal e impropia y violan las disposiciones del Preámbulo del Código de Etica Profesional de los Abogados, aprobado por este Honorable Tribunal el 24 de diciembre de 1970, y específicamente infringen los cánones 18, 19 y 23.

*SEGUNDO CARGO:* El querellado, en su condición de abo-gado retuvo indebidamente sin autorización alguna el cheque 338274 del Banco de San Juan por $902.41 expedido a favor de Rosa Camelia Figueroa por orden del Tribunal Superior Sala de San Juan, el 31 de mayo de 1973, en el caso América Figueroa Ex Parte sobre administración judicial, Civil Núm. 49-2435. Que dicho cheque fue cambiado, apareciendo en su reverso la firma del querellado y sin que fuera endosado por la referida Rosa Camelia Figueroa. Que el Lcdo. Matías Díaz García, no ha entre-gado el cheque a la Sra. Rosa Camelia Figueroa, ni tampoco el importe del mismo, a pesar de habérselo requerido judicial y extrajudicialmente.

Esta actuación del querellado constituye una conducta in-moral, ilegal e impropia de un abogado y viola las disposiciones del Preámbulo del Código de Etica Profesional y concretamente los cánones 18, 19 y 23.

*TERCER CARGO:* El querellado, con absoluto desprecio de la autoridad judicial desobedeció la orden dictada por el Tribunal Superior, Sala de San Juan, en el anterior caso para que entregare o hiciere efectivo a Doña Rosa Camelia Figueroa, el cheque, a que se hace referencia en el cargo número dos.

Este hecho, es revelador de una conducta ilegal, inmoral e impropia de un abogado e infringe el canon 9 del Código de Etica de la Profesión Legal de Puerto Rico.

*CUARTO CARGO:* El 6 de mayo de 1970 el querellado notarizó la escritura de compraventa número 12, en la que compareció como compradora Doña Antonia Santana. El Lcdo. Matías Díaz García se comprometió con la referida compradora a inscribir dicha escritura en el Registro de la Propiedad y a esos efectos le cobró el importe correspondiente de los sellos de rentas internas. Hasta la fecha no ha presentado el mencionado documento en el Registro de la Propiedad, a pesar de su compromiso al efecto y de reiteradas peticiones por parte de la compradora, y de la hermana de ésta, Doña Lydia Santana para que así lo hiciera.

La anterior conducta es inmoral, ilegal e impropia de un abogado y notario y viola el canon 18 del Código de Etica de la Profesión Legal, así como los incisos a, b y c del Preámbulo de dicho código."

El 18 de abril de 1975 admitimos la acumulación del quinto cargo que lee como sigue:

*"QUINTO CARGO:* El querellado incurrió en conducta inmoral e impropia de un abogado al negarse durante más de dos años a satisfacer a la Sra. Hortensia Valdejully de Liceaga el canon de $125.00 mensuales por concepto de arrendamiento del local donde ubicaba la Oficina profesional del querellado a pesar de haber recibido numerosos requerimientos al efecto. Asimismo el abogado querellado se negó a desocupar el referido local.

El mencionado proceder del abogado querellado, dado que guardaba relación estrecha con su profesión por tratarse del arrendamiento de su Oficina jurídica, viola los criterios expuestos en el Preámbulo y el Canon 38 del Código de Etica que rige la conducta de los miembros de la profesión legal de Puerto Rico."

El trámite que siguió la querella lo expusimos claramente en nuestra Resolución del 29 de septiembre de 1975, de la cual transcribimos:

"Simultáneamente concedimos veinte días improrrogables para formular su contestación, ello bajo apercibimiento. Este último dictamen fue notificado personalmente el 31 de julio. El 11 de agosto solicitó otra prórroga, ante lo cual dictamos la siguiente Resolución:

'Vista la moción informativa sometida por el querellado el 11 de agosto de 1975, se concede a éste un término a vencer el 15 de septiembre de 1975 para que proceda a formular su contestación a la querella. El término aquí dispuesto es de carácter improrrogable, quedando apercibido el querellado que de no formular oportunamente su contestación, el Tribunal considerará admitidos todos y cada uno de los cargos y procederá, sin ulterior trámite, a dictaminar la acción disciplinaria correspondiente.'

El mismo día de su vencimiento, el querellado suplica un término adicional de tres días aduciendo lo copioso y difícil de la tarea de recopilar prueba documental para defenderse de los cargos de la querella, aduciendo además haber estado ocupado atendiendo un juicio criminal.

La indebida, irrazonable e inexcusable tardanza del querellado en formular su contestación a la querella es indicativa de una falta de respeto hacia los procedimientos del Tribunal. La ausencia de una contestación a los cargos imputados, conocidos por éste desde hace más de seis meses, resulta injustificada.

En virtud de lo dispuesto en la Regla 13(d)(4) de nuestro Reglamento, suspendemos provisionalmente del ejercicio de la práctica de la profesión de abogado al querellado Matías Díaz García hasta tanto el Tribunal considere apropiada su reinstalación por haber acreditado, mediante las diligencias de rigor, estar presto a afrontar el procedimiento de desaforo sin ulteriores dilaciones innecesarias."

Esta Resolución fue notificada por el Alguacil del Tribunal, quien simultáneamente se incautó de los libros de protocolos correspondientes a los años 1965 al 1974 inclusive y de dos (2) libros de declaraciones juradas (afidávits). La única

gestión posterior del querellado es una Moción Informativa de fecha 30 de septiembre de 1975 en que relaciona los esfuerzos que realiza para preparar su prueba en el caso de autos—combinado con compromisos de casos criminales pendientes—y expresa estar consciente de la gravedad de los cargos, reiterando un profundo respeto hacia los tribunales.

A esta fecha han transcurrido cuatro (4) meses desde la última comparecencia del querellado que sumados a los anteriores totaliza más de diez (10) meses sin que haya formulado contestación a la querella. Nuestro deber de imprimir rapidez a los procesos, nos obliga a que conforme los términos de nuestra citada Resolución de 21 de agosto de 1975 consideremos ". . . admitidos todos y cada uno de los cargos y procede[mos], sin ulterior trámite, a dictaminar la acción disciplinaria correspondiente."

██  Constituye conducta inmoral, ilegal e impropia—contraria a los principios expuestos en el Código de Etica Profesional—las actuaciones incurridas por el querellado consistentes en haber retenido indebidamente tres pagarés hipotecarios al portador por la cantidad de $5,000.00 cada uno; haber cobrado un cheque sin autorización de su cliente, como tampoco satisfecho su importe a pesar de los requerimientos judiciales y extrajudiciales; desobedecido una orden judicial relativa a la entrega o pago del valor de dicho cheque; omitido inscribir una escritura en el Registro de la Propiedad no obstante haber cobrado el importe correspondiente a los sellos de Rentas Internas; y negádose a pagar durante dos (2) años cantidad alguna por concepto de canon de arrendamiento pactado del local de su *oficina profesional*. Además, tal conducta afecta adversamente la reputación de la noble profesión de abogado que debemos mantener ante la sociedad, poniendo en entredicho las valiosas ejecutorias y beneficios mayores a las cuales ha contribuido históricamente.

*Se ordenará la separación del querellado Matías Díaz*

*García de la profesión de abogado y la eliminación de su nombre del Registro de Abogados de este Tribunal.*

El Juez Asociado Señor Díaz Cruz no intervino.