*In re* RAMÓN RODRÍGUEZ BONHOMME, querellado.

*Número:* O-85-305     *Resuelto:* 29 de octubre de 1987

*Juan T. Peñagarícano,* abogado del querellado; *Rosa Negrón de Quiñones, Procuradora General Auxiliar,* abogada de El Pueblo; *Quintín Morales Ramírez,* Comisionado Especial.

PER CURIAM: Habiéndose querellado ante el Procurador General de Puerto Rico la Sra. Basilisa Martón Martín de la conducta observada por el abogado Ramón Rodríguez Bonhomme en un caso de daños y perjuicios que le había sido confiado a éste, dicho funcionario —luego de la correspondiente investigación— radicó un informe ánte este Tribunal. Después de evaluar el mismo, instruimos al Procurador General para que radicara querella contra dicho letrado. En la misma se le imputaron dos cargos, a saber:

## —CARGO N[Ú]M. I—

El abogado-notario Ramón Rodríguez Bonhomme incurrió en conducta ilegal y ant[ié]tica allá para el 26 de octubre de 1983, *al disponer impropiamente del dinero de su cliente María Mercedes Rodríguez Mart[ó]n, para su uso personal,* que fuera pagado por la Federal Insurance Company mediante el cheque número SH-2359953 fechado el 25 de octubre de 1983 por la cantidad de $6,500.00.

Dicha conducta viola el Canon 23 del Código de Ética Profesional.

## —CARGO N[Ú]M. II—

El Lic. Ramón Rodríguez Bonhomme incurrió en conducta ilegal e impropia *al radicar una Moción de Desistimiento* en el Caso Civil Núm. 83-3439 (506), *Basilisa Mart[ó]n et al[.] vs. Carlos Maldonado Fontán,* Tribunal Superior, Sala de Bayamón, *alegando* que la parte demandante desistía con perjuicio de todas las causas de acción contenidas en la demanda, *y que la codemandante Esperanza Rodríguez Mart[ó]n, quien era menor de edad, fue emancipada por sus padres. Con la referida moción el querellado acompañó copia de la Escritura número 18, sobre Emancipación,* supuestamente otorgada por los padres de la menor el día 24 de octubre de 1983 *ante él como notario.*

*En el índice notarial del querellado de la semana del 24 al 30 de octubre de 1983, no aparece informada la escritura número 18 de Emancipación* pero, en el índice notarial correspondiente a la semana del 21 al 27 de noviembre de 1983 hizo constar que la escritura número 18 es sobre

Compraventa de Propiedad hipotecada por José Batista Peña y su esposa Sharon Dyckman.

Dicha conducta *constituye un fraude al Tribunal al suministrarle un documento que era falso*[,] con el propósito de transigir el caso civil número 83-3439 ante la consideración del Tribunal Superior. (Énfasis suplido.) Querella Núm. O-85-305, págs. 1–2.

Representado por abogado,[1] el letrado radicó su contestación a la querella. En la misma alegó, en lo pertinente, que:

1. Se niega el cargo número 1 por no ser cierto. Por el contrario se alega que la cantidad correspondiente a María Mercedes Rodríguez Martón le fue entregada por conducto de su señora madre, doña Basilisa Martón que fue la persona que contrató los servicios del Lcdo. Ramón Rodríguez Bonhomme para representarlas en este caso. La situación fue que la Sra. Basilisa Martón visitó las oficinas del Lcdo. Rodríguez, quien había sido abogado de la familia en numerosas ocasiones y le encomendó el caso del accidente que habían tenid[o] sus dos (2) hijas, de las cuales, una de ellas, Esperanza Rodríguez Martón era menor de edad.

El caso fue transigido y en cuanto a Esperanza fue necesario otorgar Escritura de Emancipación. Contrario a lo indicado en el cargo número 1, el dinero correspondiente a María Mercedes le fue entregado a través de su señora madre.

2. En cuanto al cargo número 2 el querellado no incurrió en conducta impropia al radicar la Moción de Desistimiento. La Escritura de Emancipación fue otorgada.

3. El Querellado acepta haber incurrido en la falta de no haber incluido la Escritura número 18 sobre Emancipación en el [Í]ndice Notarial de la semana que terminó el 30 de octubre de 1983. Esta fue una omisión, un error y una falta, lo cual se acepta pero todas las demás alegaciones se niegan.

4. El Querellado lleva más de veinte (20) años en el ejercicio de la profesión y siempre ha cumplido con todas las normas relativas a la misma, incluyendo el Notariado. Contestación a la querella, pág. 1.

---

[1] Lcdo. José T. Silva Cuétara.

Cuatro meses más tarde —y por conducto de su nueva representación legal(2)— solicitó permiso de este Tribunal para radicar una contestación enmendada a la querella, el cual le fue concedido. En la misma alegó, en lo pertinente, que:

1. Se niega el cargo número 1 y se alega afirmativamente que el querellado y la Sra. Basilisa Martón celebraron un contrato de préstamo por un término aproximado de un año y que la señora Martón requirió el pago al querellado de la cantidad prestada y al éste no pagarla, no estando aún vencido el plazo de préstamo, radicó esta querella, pero se alega afirmativamente además que el querellado pagó a la señora Basilisa Martón el principal adeudado, más los intereses convenidos, aceptando por escrito la señora Martón el pago del principal e intereses del querellado y en adición suscribió documento que equivale a recibo de pago.

2. Referente al cargo número 2 incluido en la Querella de fecha 9 de mayo de 1985, se le informa a este Honorable Tribunal que la escritura de emancipación mencionada en dicho cargo nunca fue otorgada y por lo tanto no podía ser incluida en índice notarial alguno.

3. Lo que sucedió fue que se firmaron documentos ese día, incluyendo cheque que fue entregado a los clientes del querellado, y por equivocación incluyó copia simple de la escritura al Tribunal Superior de Bayamón, creyéndose de buena fe por el querellado de que la escritura fue otorgada, pero se percató de que la misma no fue otorgada y así se lo informa a este Honorable Tribunal.

4. La conducta del querellado fue para beneficio de sus clientes, quien[es] sin duda alguna se han beneficiado ampliamente de los servicios profesionales del querellado y además la Sra. Basilisa Martón cobró intereses por dinero prestado al querellado. Contestación enmendada, pág. 1.

Designamos un comisionado especial en el caso(3) con la encomienda de que recibiera la prueba y rindiera sobre la

---

(2) Lcdo. Juan T. Peñagarícano, Jr.
(3) Lcdo. Quintín Morales Ramírez.

misma un informe ante este Tribunal. En la vista celebrada desfiló tanto prueba testifical[4] como documental. El Comisionado Especial Morales Ramírez ha rendido su informe. Resolvemos.

## I

De la prueba presentada ante el Comisionado Especial Morales Ramírez surge que la Sra. Basilisa Martón Martín —quien había sido clienta de la oficina legal del querellado en relación con un caso de divorcio— acudió donde éste con el propósito de encomendarle un caso de daños y perjuicios, referente a un accidente de automóviles, donde habían resultado perjudicadas sus dos hijas, las Srtas. María Mercedes y Esperanza Rodríguez Martón. A la fecha del accidente, la joven María Mercedes era mayor de edad y Esperanza contaba con la edad de diez y ocho (18) años.

El querellado Rodríguez Bonhomme radicó demanda de daños y perjuicios contra el otro conductor envuelto en el accidente en controversia y su compañía de seguros ante el Tribunal Superior de Puerto Rico, Sala de Bayamón (Caso Civil Núm. 83-3439). El querellado logró llegar a una transacción con la compañía aseguradora. De acuerdo con los términos de la misma, la referida compañía de seguros le pagaría a María Mercedes la suma de $6,500 y a Esperanza la cantidad de $8,500 por concepto de los daños y perjuicios sufridos por ellas.

El 24 de octubre de 1983, el querellado radicó ante el tribunal de instancia una moción de desistimiento con perjuicio en relación con todas las causas de acción contenidas en la demanda por él radicada. Respecto a Esperanza —la cual era menor de edad— acompañó a dicha

---

[4] Por la parte querellante testificó la Sra. Basilisa Martón Martín y su hija, la Srta. María M. Mercedes Rodríguez Martón. Por la parte querellada, testificó el propio querellado.

moción de desistimiento una *copia simple* de la Escritura de Emancipación Núm. 18 supuestamente otorgada por los padres de Esperanza el día 24 de octubre de 1983 ante el notario querellado Ramón Rodríguez Bonhomme.[5]

Con fecha de 25 de octubre de 1983, la compañía de seguros expidió dos cheques: uno, por la suma de $6,500 pagadero a María Mercedes Rodríguez Martón, y el segundo, por la cantidad de $8,500, pagadero a Esperanza Rodríguez Martón. Este segundo cheque tiene una nota que hace referencia a la escritura de emancipación antes mencionada radicada en el Caso Civil Núm. 83-3439.

El abogado querellado citó a sus oficinas tanto a la Sra. Basilisa Martón Martín como a sus hijas María Mercedes y Esperanza. Allí les *informó* únicamente sobre el cheque de $8,500 a nombre de Esperanza. Les informó que sus honorarios ascendían, *en relación al mismo*, a la suma de $3,500. Todos fueron a una institución bancaria a cambiar el cheque de $8,500, el cual fue endosado —por ser Esperanza menor de edad— tanto por ésta como por su señora madre. Se le satisfizo al querellado Rodríguez Bonhomme la suma de $3,500 mediante un cheque que expidió la Srta. María Mercedes Rodríguez Martón.

Finalmente habiéndose percatado de que había "algo raro" en lo ocurrido, la Sra. Basilisa Martón Martín acudió a las oficinas de la compañía de seguros donde le informaron que se había expedido un segundo cheque a nombre de María Mercedes por la suma de $6,500. Se le mostró el cheque supuestamente endosado por María Mercedes. Acudió la señora Martón Martín ante el querellado Rodríguez Bonhomme quien negó haber recibido dicho cheque.

---

[5] En virtud de dicha moción de desistimiento, el Tribunal Superior de Puerto Rico, Sala de Bayamón, dictó sentencia el 31 de octubre de 1983 ordenando el archivo con perjuicio de la acción radicada.

Procede que se señalen, por último, los siguientes hechos incontrovertidos. Los padres de la menor Esperanza Rodríguez Martón nunca otorgaron la escritura de emancipación ante el querellado Rodríguez Bonhomme. La joven María Mercedes Rodríguez Martón no fue la persona que endosó el cheque por la suma de $6,500 que expidiera a su nombre la compañía de seguros. Dicho cheque fue endosado por una persona allegada al querellado Rodríguez Bonhomme y depositado en la cuenta de banco de éste. A la fecha de la vista celebrada ante el comisionado especial, el querellado Rodríguez Bonhomme había pagado a la Sra. Basilisa Martón Martín el dinero —con intereses— que había retenido para su uso personal. La versión del querellado Rodríguez Bonhomme es a los efectos de que él así lo hizo por razón de que la Sra. Basilisa Martón Martín y él acordaron que retuviera dicho dinero en concepto de préstamo, lo cual niega enfáticamente la señora Martón Martín. Admite el querellado que la Srta. María Mercedes Rodríguez Martón no fue informada de dicho acuerdo ni fue requerida por él para que endosara el cheque expedido a su nombre.

## II

La conducta en que incurrió el querellado Ramón Rodríguez Bonhomme ciertamente atenta contra el prestigio y la dignidad pública que deben caracterizar a todo abogado. La misma envuelve lesiones éticas graves que implican fraude, ilegalidad, falsificación y apropiación indebida de fondos ajenos. La prueba presentada demuestra sin lugar a dudas la comisión por parte del letrado de los cargos que le fueron imputados por el Procurador General en la querella radicada. La conducta en que incurrió el querellado Rodríguez Bonhomme justifica su separación de la profesión de abogado y la eliminación de su nombre del Registro de Abogados de este Tribunal. Véanse: *In re Ávila,*

*Jr.,* 109 D.P.R. 440 (1980); *In re Díaz García,* 104 D.P.R. 604 (1976); *In re Segarra,* 102 D.P.R. 590 (1974).

■ Como expresáramos en *In re Díaz García,* ante, pág. 608, conducta como la antes reseñada "afecta adversamente la reputación de la noble profesión de abogado que debemos mantener ante la sociedad, poniendo en entredicho las valiosas ejecutorias y beneficios mayores a los cuales ha contribuido históricamente".

La versión que de los hechos nos brinda el querellado, dados los hechos incontrovertidos presentes en el caso, resulta insatisfactoria e inaceptable.[6]

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García se inhibió.

---

[6] La teoría del querellado es a los efectos de que él retuvo el dinero en virtud de un préstamo acordado con la señora Martón Martín. La misma no es creíble en vista de su propio testimonio y la conducta que observara. El querellado, como hemos visto, acepta que la Srta. María Mercedes Rodríguez Martón —quien era mayor de edad y a nombre de quien estaba el cheque— no fue consultada respecto al alegado préstamo; tampoco le fue requerido que endosara el cheque. Como abogado que era, el querellado obviamente debía de saber que se requería el consentimiento de ésta para llevar a cabo el préstamo. Igualmente tenía que saber que constituía un delito grave el falsificar la firma de esta joven en el cheque expedido a nombre de ella por la compañía de seguros.

Por otro lado, la conducta observada por el querellado ante el Tribunal Superior de Puerto Rico, Sala de Bayamón —al radicar la moción de desistimiento con una copia de una escritura de emancipación inexistente— no sólo constituye fraude al tribunal, sino que constituye evidencia indiscutible del plan urdido por él para apropiarse ilegalmente de esos fondos.