*In re* ROBERTO E. VÉLEZ MORALES, querellado.

*Número:* CP-89-477      *Resuelto:* 3 de diciembre de 1992

*Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General, Eliadís Orsini Zayas, José Roberto Vega Díaz, Ivonne Casanova Pelosi y Marjorie Rivera Rodríguez, Procuradores Generales Auxiliares; Roberto Eliel Vélez Morales, pro se.*

PER CURIAM:

I

El Procurador General formuló una querella disciplinaria contra el abogado Roberto E. Vélez Morales. Le imputó conducta contraria a los Cánones 23 y 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en la postulación de los Casos Civiles Núms. RF-86-473 y CP-89-477 ante el Tribunal Superior, Sala de Mayagüez. Específicamente, le imputó haber retenido y mezclado con sus bienes propios, sin el consentimiento de sus clientes, dineros montantes a $30,000, entregádoles en calidad de depósito, habiendo dispuesto de los mismos contrario a las instrucciones recibidas de sus clientes.

Subsiguientemente, se enmendó la querella para imputarle que otorgó un contrato de servicios profesionales en el cual dejó en blanco la suma de los honorarios y luego, uni-

lateralmente, llenó dichos blancos sin consultar a sus clientes.

En sus contestaciones, el querellado Vélez Morales negó haber infringido los derechos de sus representados y adujo que todo se debió a la falta de acción de ellos y a la intervención indebida de otro abogado. Designamos Comisionado Especial al ex Juez Superior José F. Rodríguez Rivera, con la encomienda de recibir y aquilatar la prueba y rendirnos un informe.

A la vista, el querellado Vélez Morales compareció por derecho propio y renunció a estar representado por abogado. El caso quedó sometido a base del récord y de la transcripción de evidencia de la litigación civil ante el Tribunal Superior, Sala de Mayagüez. Se limitó a someter dos (2) documentos.

Con vista a la prueba, el Comisionado Especial formuló las determinaciones de hecho siguientes:

1. El querellado Roberto Eliel Vélez Morales fue admitido al ejercicio de la profesión de abogado el 20 de noviembre de 1980 y al notariado el 23 de febrero de 1981.

2. A la luz del expediente del litigio civil relacionado con el presente caso el querellado ha actuado en todo momento con excesiva temeridad, habiendo abusado sobremanera del proceso judicial y recargado intolerablemente la labor y carga de trabajo del Tribunal Superior, Sala de Mayagüez.

3. También en la ventilación del caso por conducta profesional ante el Tribunal Supremo el querellado incurrió en el mismo curso de conducta al cuestionar irrazonablemente aspectos que fueron adjudicados por la Sala de Mayagüez y que constituyen parte de la sentencia que a la fecha de hoy es final y firme.

4. A la luz de la transcripción de evidencia unida al r[é]cord, de las constancias que surgen de los autos del proceso civil y de la sentencia del Tribunal Superior, Sala de Mayag[ü]ez en la litigación arriba citada, allá para el 1982 el querellado fue contratado como abogado de una sucesión para encargarse de las gestiones legales correspondientes. Uno de los miembros de la Sucesión habría de adquirir una casa perteneciente a dicha sucesión y le hizo entrega al querellado de la suma de $30,000.00 en dinero efectivo, mediante tres pagos de $10,000.00 entre abril de 1983 y febrero de 1984. En un momento dado el querellado fue inquirido por una miembro de la sucesión sobre dicho

dinero y aquél informó *falsamente* que el mismo se encontraba depositado en un banco en una cuenta especial de la sucesión, *habiéndose comprobado luego dicha falsedad.*

5. La evidencia en el r[é]cord revela que dicha suma de *$30,000.00 fue retenida por el querellado* y de la misma apenas hizo erogaciones para el caso de la sucesión consistentes en el pago de $1,196.93 al Departamento de Hacienda y $1,000.00 al Ingeniero Augusto Torres Torres (Véase Moción informativa del querellado dirigida al Comisionado). Adjudicó el Tribunal sentenciador que el querellado sólo tenía derecho al cobro de $3,000.00 por sus servicios profesio[na]les *y le ordenó que restituyera $27,000.00 lo cual no hizo.*

6. Concluyó expresamente el Tribunal Sentenciador que el querellado promovió prórrogas con relación a disposiciones judiciales que no iba a cumplir, por lo cual lo censuró y expresando que ello merecía el más enérgico repudio del Tribunal.

7. Allá para el 29 de junio de 1989 el Tribunal [Superior] denegó la revisión de la sentencia dispositiva de las anteriores medidas contra el querellado.

8. Respecto a la enmienda a la querella en el sentido de que el querellado *llenó unilateralmente los blancos de un contrato de servicios profesionales después de ser firmado el mismo por los clientes*, el querellado admitió bajo juramento haber procedido según las alegaciones. (Véase: Transcripción de evidencia unida a los autos, página[s] 150–152). (Énfasis suplido.) Informe del Comisionado Especial, págs. 2–3.

## II

La gravedad de la conducta del abogado Vélez Morales es evidente. Con su proceder manchó la buena imagen que debe promover todo miembro de la profesión legal. Incurrió en uno de los pecados capitales: haber retenido y mezclado con sus bienes propios dinero perteneciente a sus clientes. Unilateralmente, fijó los honorarios en un formulario de servicios sin consultar a los clientes. Abusó de la confianza en él depositada e incurrió en conducta temeraria en el curso de los procesos judiciales relacionados con estos hechos. Véanse: *In re Rodríguez Bonhomme*, 119 D.P.R. 500 (1987); *In re Arana Arana*, 112 D.P.R. 838 (1982); *In re Félix*, 111 D.P.R. 671 (1981); *In re Ávila Jr.*, 109 D.P.R. 440 (1980).

No es acreedor a ser abogado. *Procede decretar la separación indefinida de la abogacía.*

*Se dictará sentencia de conformidad.*