EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Elsa A. González Vélez | Queja 2002 TSPR 54 156 DPR ____ |

Número del Caso: AB-2000-110

Fecha: 16/abril/2002

Oficina de Inspección de Notarías:
Lcdo. Edgardo Ortiz Bauzá
Director Interino

Abogada de la Parte Querellada:
Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

  Elsa A. González Vélez

AB-2000-110

PER CURIAM

San Juan, Puerto Rico, a 16 de abril de 2002

I

El 11 de agosto de 2000, la Sra. Paquita Roig Ellinger (en adelante Sra. Roig Ellinger o quejosa) presentó una queja contra la Lcda. Elsa Ariadna González Vélez (en adelante Lcda. González Vélez) en su carácter como notaria.  La quejosa alegó que debido a la falta de diligencia de la Lcda. González Vélez, al ésta no inscribir la compra de un inmueble en el Registro de la Propiedad, aquélla incumplió con los pagos hipotecarios ya que no pudo refinanciar    la    propiedad    para    obtener    el    dinero    que

necesitaba y, consiguientemente, los acreedores hipotecarios instaron acción para ejecutar las hipotecas que gravaban la propiedad.

La escritura de compraventa que motivó la queja fue la Escritura Núm. 5 otorgada por el Sr. César Vázquez Class como vendedor (en adelante Sr. Vázquez Class o vendedor) y la Sra. Roig Ellinger como compradora, ante la Lcda. González Vélez el 1 de agosto de 1997. En ésta, la licenciada expresó que el vendedor adquirió la mitad del valor de la propiedad por un Contrato de Cesión de Participación Hereditaria el 15 de diciembre de 1995 por affidávit núm. 31,233 ante notario público. La licenciada dio fe de haberles hecho las advertencias legales pertinentes, en especial la necesidad de que dicha escritura sea inscrita en el Registro de la Propiedad para que el negocio tuviese efecto contra tercero. La Escritura Núm. 5, tal y como fue otorgada el 1 de agosto de 1997, no se inscribió en el Registro.

Ante la queja presentada por la Sra. Roig Ellinger, decidimos remitir la misma a la Directora de Inspección de Notaría para que rindiese el respectivo informe. En el Informe se concluyó que "sin lugar a dudas, en su labor como notario la licenciada González Vélez incurrió en un claro error de derecho al evaluar los antecedentes de la propiedad involucrada...". Expresó que el Art. 1232(4) del Código Civil, 31 L.P.R.A. § 3453(4), exige que el contrato de cesión de derechos hereditarios debe constar en documento público.

Una vez emitido el informe de la Oficina de Inspección de Notarías, la Lcda. González Vélez presentó su reacción escrita al mismo el 26 de febrero de 2001. En ésta, expresó que se había pactado entre las partes el que la Escritura Núm. 5 no se presentaría al Registro de la Propiedad hasta que la compradora pagase lo acordado en la compraventa. Alegó que la compradora nunca hizo los pagos correspondientes. Expresó que el hecho de que el contrato de **Cesión de Participación Hereditaria** fuese hecha originalmente mediante declaración jurada no contribuyó al procedimiento de ejecución de hipoteca por falta de pago de la Sra. Elliger Roig.

Con el beneficio del Informe de la Oficina de Inspección de Notarías y la reacción a éste por parte de la Lcda. González Vélez, procedemos a resolver.

II

Los notarios redactarán las escrituras públicas de acuerdo con la voluntad de los otorgantes y adaptándola a las formalidades jurídicas necesarias para su eficacia. Art. 14 de la Ley Notarial de 1987, 4 L.P.R.A. § 2032. En el caso de autos, la voluntad de los otorgantes era efectuar la compraventa de un inmueble. Para darle eficacia a esa voluntad, una de las formalidades jurídicas requeridas era que la **cesión de derechos hereditarios** constara en escritura pública. Art. 1232(4) del Código Civil, 31 L.P.R.A. § 3453(4). De no poder adaptar la voluntad a las formalidades jurídicas requeridas, era su deber hacerle a los otorgantes las reservas y advertencias legales pertinentes. Art. 15 de la Ley Notarial

de 1987, 4 L.P.R.A. 2033(f).[1]  En _In re Raya_, 117 D.P.R. 797 (1986), expresamos que en sus funciones notariales, el abogado **tiene** la obligación de orientarse y orientar a sus otorgantes sobre los problemas que surgirían al emitirse escrituras de compraventa sobre predios de terrenos que aún no habían sido segregados legalmente de la finca mayor, pues faltaba el permiso requerido por la agencia pertinente.  En el caso de autos, surge del expediente que la Lcda. González Vélez incumplió con estas disposiciones al no orientarse ni orientar a los otorgantes sobre las consecuencias de no tener en escritura pública una cesión de derechos hereditarios.

Hemos expresado que a los abogados también les aplican los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, en su carácter de notario.  _In re_ Igartúa Muñoz, res. el 2 de febrero de 2001, 2001 J.T.S. 16, pág. 827.  El Canon 18, _supra_, le exige al abogado rendir una labor idónea de competencia y diligencia.  A pesar que este Canon menciona esta labor idónea en relación al cliente, reiteradamente hemos interpretado que este Canon aplica a la labor del abogado notario.  Véase, _In re González Maldonado_, res. el 20 de diciembre de 2000, 2000 J.T.S. 203; _In re Martínez Ramírez_, 142 D.P.R. 329, 340-341 (1997); _In re Salichs Martínez_, 131 D.P.R. 481, 487-488 (1992); _In re Díaz García_, 104 D.P.R. 604, 608 (1976).

En el caso de autos, no existe relación entre la falta de la abogada y el incumplimiento de la quejosa con los pagos.  Los pagos no se efectuaron, por lo que los acreedores ejecutaron su derecho contra la propiedad, independientemente que la Escritura Núm. 5 estuviese o no inscrita en el Registro de la Propiedad.

Por lo antes expuesto, encontramos que la Lcda. González Vélez incumplió con los deberes que emanan del Canon 18, _supra_.  Tomando en consideración como atenuantes el que la abogada posteriormente trató de rectificar su falta[2] y que ésta es la primera vez que incurre en una falta ética, la censuramos y le apercibimos que de seguir incurriendo en faltas éticas profesionales seremos más severos en la imposición de sanciones.

Se dictará la correspondiente sentencia.

---

[1]  Aunque la Ley Notarial de 1987 sufrió algunas enmiendas en 1995, en 1998 y en 1999, sólo las que aplican al caso de autos son las de 1995, pues el otorgamiento de la Escritura Núm. 5 fue el 1 de agosto de 1997.

[2]  Entre estos factores están: (1) el presentar una demanda ante el tribunal de instancia para que el heredero que cedió la parte del inmueble al Sr. Vázquez Class otorgara una escritura pública de cesión de derechos hereditarios (basándose en el affidávit núm. 31,233 de Contrato de Cesión de Participación Hereditaria); (2) obtener sentencia favorable al respecto; y, (3) hacer una escritura pública de ratificación según la sentencia dictada.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

   Elsa A. González Vélez

                              AB-2000-110

                         SENTENCIA

      San Juan, Puerto Rico, a 16 de abril de 2002

         Por lo expuesto en la Per Curiam que antecede, la cual es parte integral de esta sentencia, encontramos que la Lcda. González Vélez incumplió con los deberes que emanan del Canon 18, 4 L.P.R.A. Ap. IX Canon 18.  Tomando en consideración como atenuantes el que la abogada posteriormente trató de rectificar su falta y que ésta es la primera vez que incurre en una falta ética, la censuramos y le apercibimos que de seguir incurriendo en faltas éticas profesionales seremos más severos en la imposición de sanciones.

         Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo

                         Patricia Otón Olivieri
                     Secretaria del Tribunal Supremo