EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re<br><br>Otto H. Curras Ortiz | 2008 TSPR 147<br><br>175 DPR _____ |

Número del Caso: CP-2003-1

Fecha: 31 de julio de 2008

Oficina del Procurador General:

> Lcda. Noemí Rivera De León
> Procuradora General Auxiliar

> Lcda. Maite D. Oronoz Rodríguez
> SubProcuradora General

Abogado de la Parte Querellada:

> Lcdo. Antonio Bauza Torres

Materia: Conducta Profesional
       (La suspensión será efectiva el 28 de agosto de 2008
       fecha en que se le notificó al abogado de su suspensión
       inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Otto H. Curras Ortiz                    CP-2003-1

*PER CURIAM*

San Juan, Puerto Rico, a 31 de julio de 2008

Mediante resolución de 8 de septiembre de 1998, el Lcdo. Héctor Cordero Vázquez, Juez Superior, remitió a la consideración de este Tribunal la conducta y proceder de los abogados que participaron en el caso Manuel Curras Figueroa v. Otto Curras Ortiz, Civil Núm. EAC92-0327 (611), con el propósito de que fuera evaluada a tenor con los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX. Luego de ordenarle al Procurador General de Puerto Rico la realización de la correspondiente investigación, este Tribunal instruyó al Procurador General para que evaluara, además, las actuaciones del Lcdo. Otto Curras Ortiz, quien intervenía

en el referido caso en capacidad de parte y no como representante legal.[1]

El Procurador General sometió un primer Informe que luego fue enmendado para atender diversos señalamientos del licenciado Curras Ortiz. En síntesis, el Procurador recomendó que las actuaciones del querellado fueran evaluadas de forma separada e independiente; sostuvo, además, que la investigación practicada evidenció que el licenciado Curras Ortiz faltó a su deber, como miembro de la profesión, de comportarse de forma sincera y honrada tanto ante los tribunales de instancia como ante los foros disciplinarios e, incluso, ante este Tribunal. Por dicha razón, el Procurador concluyó en la querella presentada que el licenciado Curras Ortiz incurrió en conducta constitutiva de infracción a los Cánones 9, 12, 35 y 38 de los de Ética Profesional. En su contestación a la querella enmendada, el abogado querellado aceptó que violó el Canon 35, sosteniendo que los demás cargos quedan subsumidos en las imputaciones del primero.

Este Tribunal designó al Lcdo. Ángel F. Rossy García para que, en presencia de las partes y en calidad de comisionado especial, recibiera la prueba y nos rindiera un informe con sus determinaciones de hechos y recomendaciones de derecho. El Comisionado Especial presentó su Informe; concluyó que la prueba presentada --a su juicio, prueba

---

[1] El Lcdo. Otto H. Curras Ortiz fue admitido al ejercicio de la abogacía en Puerto Rico el 6 de noviembre de 1980.

clara, robusta y convincente-- demuestra que el abogado querellado incurrió en conducta antiética constitutiva de infracción a los Cánones 9, 35 y 37 de Ética Profesional. Resolvemos.

I

En el año 1987, el Lcdo. Otto H. Curras Ortiz compareció como peticionario ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, en un procedimiento ex parte sobre declaratoria de herederos, obteniendo de ese foro una resolución mediante la cual se le declaraba único y universal heredero de su tío fallecido Miguel Ortiz Marrero. Posteriormente, con arreglo a tal determinación judicial, Curras Ortiz retiró e hizo suyos los fondos depositados en una cuenta bancaria propiedad del mencionado pariente.

Años más tarde, la viuda y las dos hijas del fenecido Miguel Ortiz Marrero, quienes residían en Nueva Jersey y Carolina del Sur, respectivamente, presentaron sendas quejas ante el Colegio de Abogados de Puerto Rico contra Curras Ortiz. Adujeron, en esencia, que ellas eran las legítimas herederas de Ortiz Marrero y que aunque no conocían personalmente a su primo Curras Ortiz, sabían quien era éste. Añadieron, que Curras Ortiz conocía y sabía que su tío fallecido se había casado en Estados Unidos y que tenía dos hijas. Además, señalaron que Ortiz Marrero tenía otros hermanos y familiares en Puerto Rico. Por lo

tanto, sostuvieron que la declaratoria de herederos se había obtenido a base de información falsa y el aquí querellado había engañado al tribunal que la emitió.

Luego de la investigación correspondiente, el Colegio de Abogados presentó una querella ante este Tribunal contra el licenciado Curras Ortiz, en la cual le imputó que, a sabiendas, había presentado prueba falsa ante el tribunal de instancia con el propósito de defraudar a otros herederos de Miguel Ortiz Marrero y apropiarse así, ilícitamente, del caudal hereditario de éste. Se le imputó, entonces, que con su conducta y proceder violó los Cánones 5, 35 y 38 del Código de Ética Profesional.

En su contestación a la referida querella, el licenciado Curras Ortiz alegó que a la fecha en que promovió la declaratoria de herederos, que dio base a la querella, desconocía que su tío hubiese dejado descendientes legítimos. Admitió, no obstante, que a esa fecha existían otros parientes colaterales con derechos hereditarios con respecto al caudal en cuestión y que no le informó ese hecho al tribunal. Sin embargo, expuso que ello no había perjudicado a los otros parientes ya que estos no tenían interés en la herencia en cuestión y que le habían dado consentimiento tácito para actuar como lo hizo. Acompañó, como prueba de lo anterior, una declaración jurada de una sobrina de Ortiz Marrero, quien aseveró que no conocía que su tío tuviese hijos y que no tenía interés en los fondos que dejó su tío.

Habiendo admitido el querellado que le mintió al foro judicial al exponer bajo juramento que él era el único heredero del causante, este Tribunal, descansando en las admisiones y alegaciones entonces hechas por el querellado, emitió Opinión *Per Curiam* el 13 de agosto de 1996 en el caso In re Otto H. Curras Ortiz, 141 D.P.R. 127 (1996). En ésta declaró al querellado incurso en infracción a los Cánones 35 y 38 de Ética Profesional. Como sanción disciplinaria le impuso una suspensión del ejercicio de la profesión y del notariado por el término de un año. Posteriormente, mediante Resolución emitida por este Tribunal el 26 de septiembre de 1997, Curras Ortiz fue reinstalado como abogado. In re Curras Ortiz, 143 D.P.R. 876 (1997).

Luego del referido que hizo el Juez Cordero Vázquez a este Tribunal en el año 1998, el cual da lugar a la querella que hoy nos ocupa, afloró que la realidad era una diferente a la entonces presentada por el licenciado Curras Ortiz unos años antes; es decir, que las afirmaciones hechas por el querellado para defenderse en el procedimiento disciplinario anterior no se ajustaban a la verdad.

En primer lugar, hacemos referencia al trámite procesal habido en el caso Sucesión Aponte Palma v. Sucesión Nemesia Curras, Civil Núm. EAC-93-0061, sobre una acción presentada el 5 de marzo de 1993, es decir, dos años antes de la presentación de la primera querella. Entre los

demandados y reconvencionistas en dicho procedimiento se encontraba el querellado y su hermana Madreselva Curras Ortiz. El licenciado Curras Ortiz aceptó en la contestación a la demanda que Madreselva era su hermana y, además, que era incapacitada y que el aquí querellado era su tutor. Más adelante, expuso el querellado en la alegación primera de la reconvención que "los demandados y reconvencionistas Otto y Madreselva Curras Ortiz han sido declarados, entre otros, herederos únicos y universales de la causante tía suya Nemesia," ello mediante resolución dictada por el Tribunal de Distrito de Caguas, Civil Núm. CD-93-126. Ahora bien, resulta significativo que en la declaratoria de herederos por él promovida de su tía Nemesia Curras Figueroa, suscrita bajo juramento el 17 de diciembre de 1992 y radicada el 19 de enero de 1993, excluyó a su hermana incapacitada Madreselva; ésta, también fue excluida en la resolución que emitió el Tribunal conforme a lo peticionado el 3 de febrero de 1993.

La mencionada información pertinente y material a la primera querella instada contra el licenciado Curras Ortiz, no fue llevada por éste a la atención de este Tribunal en el primer proceso disciplinario. Contrario a la realidad y constándole que en la declaratoria de herederos por él promovida que dio base a la querella no sólo excluyó a sus parientes colaterales sino a su propia hermana incapacitada, le ocultó tal hecho a este Tribunal. Dicha acción de su parte evidentemente constituía un agravante a

la falta ética por él incurrida y que fue objeto de consideración por este Tribunal. La gravedad de tal proceder se manifiesta cuando alega ante este Tribunal que sus parientes colaterales no se habían perjudicado de su actuación porque no tenían interés en la herencia y le habían dado el consentimiento tácito para actuar como lo hizo. Para ese momento, le constaba que su hermana incapacitada estaba impedida de consentir a tal actuación de su parte, por lo que tal información por él suministrada era también incompleta, imprecisa y falsa.[2]

De otra parte, el 3 de abril de 1989, el licenciado Curras Ortiz promovió una petición sobre declaratoria de

---

[2] Madreselva Curras Ortiz nació el 3 de abril de 1959, quedando bajo custodia de los padres del querellado desde que era recién nacida. En palabras del querellado durante su testimonio, conoce de la existencia de Madreselva desde que su madre la llevó a su casa de pequeñita. Entonces, sus padres iniciaron un proceso de adopción en el año 1959 que terminó en 1967.

En lo que respecta al estado mental de Madreselva y según atestado en el proceso por la Sra. Marta Ferrer, Trabajadora Social del Instituto Pedagógico, ésta tiene un retardo mental profundo, no habla y es dependiente para todas sus necesidades en el diario vivir, lo que incluye alimentación y medicamentos. Por su condición requiere supervisión continua las 24 horas del día.

Después de la muerte de los padres del querellado, Madreselva quedó bajo la custodia y cuidado del querellado por dos años, cuando fue ingresada en el Instituto Psicopedagógico a causa de su condición de salud. El licenciado Curras Ortiz es el tutor de la incapaz, provee para que se atiendan sus necesidades personales y la visita con regularidad.[2] Según lo atestado por la trabajadora social, es cariñoso con ella, se comporta como un hermano y es el único familiar que se le ha acercado con relación a Madreselva.

herederos de sus padres Margarita Ortiz Marrero y Rafael Curras Figueroa, caso Civil Núm. KJV-89-322(808), ante la Sala de San Juan del antiguo Tribunal Superior. Considerada como fue dicha petición, el tribunal emitió resolución declarando único y universal heredero de dichos causantes al aquí querellado. Se excluyó así, de la petición y posterior resolución, a su hermana incapacitada Madreselva Curras Ortiz.[3]

El 17 de diciembre de 1992, sin haber solicitado enmienda alguna a la resolución de declaratoria de herederos de sus padres[4], promovió una <u>nueva</u> declaratoria de herederos de su tía la Sra. Nemesia Curras Figueroa, Caso Civil Núm. CD-93-126. En ésta, el querellado hizo <u>exclusión</u> de su hermana incapacitada en el listado de herederos con derecho a participar en la herencia. Considerada como fue dicha petición, y la prueba complementaria con ella

---

[3] El 13 de noviembre de 1991 el licenciado Curras Ortiz otorgó una declaración jurada ante notario, en la cual reconoció a Madreselva como su hermana con sus mismos apellidos. Indicó en el escrito que fue declarado tutor y que es la persona encargada del bienestar de Madreselva por designación del Seguro Social federal y autorizó a que se le brindara atención médica de ser necesario. Previo a ello, había suscrito el 21 de junio de 1991 una autorización, en capacidad de hermano de Madreselva con sus mismos apellidos, para la prestación de servicios médicos y psiquiátricos, así como una autorización para la toma de fotografías.

[4] Eventualmente, el querellado procedió a añadir a Madreselva como heredera de sus padres mediante la presentación de una nueva declaratoria de herederos en el caso Otto Curras Ortiz, Peticionario Ex Parte, Civil Núm. 1994-1879.

incluida, el tribunal emitió resolución declarando al aquí querellado heredero de la señora Curras Figueroa, en unión a varios tíos y primos de éste. En dicha resolución, al igual que en las anteriores por el promovidas se excluyó a su hermana incapacitada Madreselva.[5]

El 26 de agosto de 1992, el licenciado Curras Ortiz presentó sus planillas de contribución sobre ingresos para los años 1987 a 1990. En éstas, reclamó a Madreselva Curras Ortiz, como su hermana dependiente incapacitada. No obstante, en dicha fecha no solicitó enmienda alguna a las resoluciones sobre declaratoria de herederos por él promovidas y que excluían a Madreselva.[6]

Continuando el querellado con su patrón de ocultar información pertinente, al recibir una orden de este Tribunal para que entregara copia de sus planillas de contribución sobre ingresos para los años 1987 a 1990, se limitó a suministrar la primera página de las planillas y a alegar que como el Procurador General no había podido reproducir evidencia clara, robusta y convincente de que él conocía el vínculo filial por adopción no le veía pertinencia a que se entregara copia de las planillas.

---

[5] La solicitud de enmienda de la declaratoria de herederos en el caso de Nemesia Curras Figueroa para incluir a Madreselva entre los herederos de la referida causante, fue promovida por Virginia Curras Carrasquillo el 5 de julio de 1994.

[6] También, la reclamó como hermana incapacitada dependiente en sus planillas de contribución sobre ingresos para los años 1991 a 2004.

Posteriormente, alegó que lo entregado era todo lo que tenía y que de todos modos al Procurador no le incumbían sus finanzas.

Por último, en el proceso sobre Nombramiento de Administrador Judicial que atendía el Juez Cordero Vázquez, quien refirió la queja que dio lugar a la presente investigación, tanto los abogados de las partes como el querellado en particular sabían que había una persona incapacitada, la hermana del aquí querellado Madreselva, y, sin embargo, se autorizaron comisiones, pagos y liquidaciones parciales de bienes hereditarios sin advertir al Tribunal sobre tal situación.

## II

El día en que un abogado presta juramento ante el Tribunal Supremo le es concedido un gran privilegio: el de poder ejercer una profesión, honrosa por demás, que tiene una rica y extraordinaria tradición y que desempeña un importante papel en nuestra sociedad. In re Busó Aboy, res. el 26 octubre de 2005, 2005 T.S.P.R. 162; In re Quintero Alfaro, 161 D.P.R. Ap. (2004). Al juramentar una persona como abogado, éste se convierte en funcionario del Tribunal y ministro ordenado de la justicia y se compromete a desempeñar su alto ministerio con la mayor y más excelsa competencia, compromiso e integridad. Id; Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599 (1993). Ahora bien, este privilegio conlleva, entre otras, la responsabilidad de

desempeñar los deberes que como abogado del Estado Libre Asociado de Puerto Rico le imponen la ley y el Código de Ética Profesional. *Id.*

El Canon 35 impone al abogado un deber de sinceridad y honradez *erga omnes*, *In re* Franco Rivera y Masini Soler, 134 D.P.R. 823 (1993). Esto significa que este deber lo tiene el abogado frente a todos, tanto ante sus representados como en las relaciones con sus pares y, por supuesto, ante los tribunales. *In re* Astacio Caraballo, 149 D.P.R. 790 (2000). Los abogados han de conducirse siempre con integridad ante los foros judiciales. *In re* Curras Ortiz, 141 D.P.R. 127 (1996). El abogado no puede proveer al tribunal información falsa o que no se ajuste a la verdad, ni puede tampoco ocultarle información certera que deba ser revelada. Véase: *In re* Filardi Guzmán, 144 D.P.R. 710 (1998). La conducta de todo abogado ante los tribunales debe ser una que se caracterice por sinceridad y honradez, y no actúa profesionalmente el abogado que no se ajusta a la verdad de los hechos al presentar las causas. *In re* Peña Clós, 135 D.P.R. 590 (1994).

No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. Canon 35 de Ética Profesional, ante. Véase además: *In re* Silvaglioni Collazo, 154 D.P.R. 533 (2001). La declaración bajo juramento de hechos falsos constituye una violación al Canon 35 de Ética Profesional.

*In re* Astacio Caraballo, ante. Ello porque el compromiso de un abogado con la verdad debe ser siempre incondicional. *In re* Montañés Miranda, 157 D.P.R. 275 (2002). Más que un ideal irrealizable, la verdad es atributo inseparable del ser abogado y, sin ésta, no podría la profesión jurídica justificar su existencia. *Id. In re* Sepúlveda Girón, 155 D.P.R. 345 (2001).

Debemos recordar, por último, que se infringe el deber impuesto por el Canon 35 con el simple hecho objetivo de faltar a la verdad, lo cual supone una conducta lesiva a las instituciones de justicia, independientemente de los motivos para la falsedad. *In re* Belk Arce y Serapión, 148 D.P.R. 685 (1999). Para incurrir en esta falta, no es necesario que se haya faltado a la verdad deliberadamente o de mala fe, o con la intención de defraudar o engañar. *In re* Martínez Odell, 148 D.P.R. 49 (1999). No obstante, estas circunstancias son importantes, junto con otras, al determinar la sanción disciplinaria que ha de imponerse al abogado. *In re* López de Victoria Brás, 135 D.P.R. 688 (1994).

Finalmente, el Canon 38 le exige a todo abogado a esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. Canon 38 de Ética Profesional, ante. Este principio es una convocatoria a la profesión legal a tener un desempeño que

no sólo debe ceñirse a las pautas éticas mínimas sino que debe ser reflejo del más alto calibre de excelencia humana. In re Nogueras Cartagena, 150 D.P.R. 667 (2000); In re Olivera Mariani, res. el 3 de abril de 2008, 2008 T.S.P.R. 58. Estos deberes tienen que ser cumplidos aunque, el así hacerlo conlleve sacrificios personales. In re Belk Arce y Serapión, ante. No puede un abogado acudir al sistema de administración de la justicia, si al así hacerlo, y con el fin de adelantar sus propios intereses, falta a la verdad. In re Filardi Guzmán, ante.

Todo abogado es un espejo en el cual se refleja la imagen de la profesión. In re Santiago Ríos, res. el 18 de diciembre de 2007, 2008 T.S.P.R. 2. Por consiguiente, todo despliegue de conducta que atente contra este principio pone en entredicho las valiosas ejecutorias y beneficios mayores a los cuales esta clase profesional ha contribuido históricamente. In re Díaz García, 104 D.P.R. 604 (1976).

Es pues necesario que los miembros de la clase togada sean conscientes de que la práctica de la abogacía conlleva una seria y delicada función ciudadana porque la misma representa servicio, ética y ejemplo. Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599 (1993); In re Roldós, Maldonado, Cortés y Lloréns, 161 D.P.R. 373 (2004). Estos son principios sobre los cuales se forja un estilo de vida y los mismos no deben ser menoscabados por el quehacer diario o por el ambiente social y valorativo dentro y

alrededor del cual se desenvuelven los abogados. In re Sánchez Rodríguez, 123 D.P.R. 876 (1989).

## III

El Procurador General sostiene que la conducta y proceder del licenciado Curras Ortiz es violatoria de los Cánones 9, 12, 35 y 38 de Ética Profesional, ante. Fundamenta dicha determinación, en primer lugar, en que durante el anterior proceso disciplinario que culminó en la Opinión In re Curras Ortiz, ante, el querellado faltó a la verdad al expresar ante este Tribunal que había cometido un "error por desconocimiento de ciertos familiares" en la confección de la petición de la declaratoria de herederos y que otros parientes habían "consentido tácitamente" a que él reclamara la herencia. Para el 14 de junio de 1996, momento en que el licenciado Curras Ortiz comparece ante este Tribunal para excusar sus actuaciones, ciertamente conocía la existencia de su hermana Madreselva y de su vínculo legal por adopción, ya que, según el propio letrado, desde principios de 1994 se enteró de ello. Además, el querellado sabía que su hermana era totalmente incapacitada, por lo que no podía consentir.

A tales imputaciones del Procurador General, el licenciado Curras Ortiz replica que el hecho de no haberse referido a Madreselva, cuando pendía la anterior querella, se debió a que se estaba refiriendo al 1987, fecha en que juramentó la declaratoria de herederos, y que para ese

entonces no conocía su relación de parentesco por razón de adopción. Añade, que tampoco tenía documento legal y/u oficial que acreditara dicho vínculo para incluirla en la petición. Aduce, que no tenía tal conocimiento porque fueron sus padres quienes tenían total y absoluto control sobre todo lo relacionado a Madreselva, incluyendo su ingreso al Instituto, su educación y manutención. Afirma, que para el 1987 su padre aun vivía y era él quien controlaba todo lo relacionado a Madreselva. Por último, arguye que siempre consideró a Madreselva una hermana de crianza.

Por otro lado, el Procurador General asevera que el querellado faltó a la verdad al juramentar la petición sobre declaratoria de herederos de sus padres, en la cual se declaraba único y universal heredero, lo que no era cierto. En su defensa, el licenciado Curras Ortiz aduce que es para el año 1994 que conoce oficialmente la relación de parentesco entre él y Madreselva. En consecuencia, para el 1989, cuando juramentó la susodicha petición, no conocía del vínculo por adopción. Añade, que cuando se enteró del mismo procedió de inmediato a enmendar la resolución que lo declaraba único y universal heredero de sus padres.

El Procurador General, a su vez, le imputa al querellado haber mentido el 17 de diciembre de 1992, en la petición de declaratoria de herederos de su tía Nemesia Curras Figueroa. Ello porque, nuevamente, se excluyó a Madreselva de la misma. El licenciado Curras Ortiz alega

que no la incluyó por razones de necesidad y urgencia, motivado por el hecho de que los herederos de quien fuera el esposo de la causante estaban retirando indebidamente grandes sumas de dinero de la herencia. Por dicha razón, se presentó la petición de modo prematuro e incompleto, pero, que tan pronto conoció su vínculo con Madreselva, al localizar el correspondiente certificado de nacimiento, enmendó la solicitud e incluyó a su hermana en la misma. Incluso, el querellado alega que fue en dicho momento que se enteró de la adopción de Madreselva.

Sin embargo, al enfrentarse a la contestación de la demanda en el caso EAC-1993-0061, suscrita el 21 de abril de 1993, en la cual el querellado admitió que Madreselva era su hermana y que era incapacitada, el licenciado Curras Ortiz replica que lo hizo asumiendo que la incapaz era su hermana de crianza. Igual contestación nos ofrece respecto a las afirmaciones hechas en las declaraciones juradas para toma de fotografías y para servicios médicos que suscribió en el año 1991, admitiendo en las mismas que Madreselva era su hermana con sus mismos apellidos.

Las explicaciones dadas por el querellado a las imputaciones del Procurador General no convencieron ni a éste último ni al Comisionado Especial quienes concluyeron que, en efecto, al momento de defenderse de los procedimientos disciplinarios ante la Comisión del Colegio de Abogados y ante este Foro, al igual que al presentar la petición de declaratoria de herederos de Nemesia Curras

Figueroa, el licenciado Curras Ortiz conocía el vínculo legal existente entre él y Madreselva en virtud de la adopción antes reseñada.

No albergamos duda alguna de que, en la tramitación de la queja del presente caso, el licenciado Curras Ortiz brindó al Procurador General y a este Tribunal información falsa o imprecisa con la intención de desviar el curso de la investigación y evadir las consecuencias de sus actos dentro de este procedimiento disciplinario. La prueba a esos efectos es robusta y convincente.

Es norma reiterada que, aunque este Tribunal no está obligado a aceptar el informe del Comisionado Especial, de ordinario, sostendremos las determinaciones de hecho que realice, salvo que se demuestre perjuicio, parcialidad o error manifiesto. In re Morell Corrada, 158 D.P.R. 791 (2003). Esta norma de deferencia es de aplicación, principalmente, cuando el Comisionado Especial tiene la oportunidad de escuchar a los testigos, ello porque se encuentra en mejor posición para aquilatar dicha prueba. En el presente caso el licenciado Rossy García escuchó y vio testificar, entre otros, al querellado y concluyó que éste faltó al deber de comportarse de forma sincera y honrada, tanto en su vida privada como en el desempeño de su profesión. En consecuencia, y en ausencia de perjuicio, parcialidad y error manifiesto, somos del criterio que el licenciado Curras Ortiz violentó los Cánones de Ética Profesional 35 y 38. El querellado, también, infringió el

Canon 35 al negarse a cumplir los requerimientos de este Tribunal y del Procurador General a los fines de impedir que se descubriera la magnitud de sus desvíos éticos.

Además, el comportamiento del querellado quebranta el Canon 9 de Ética Profesional, que obliga al abogado a observar una conducta que se caracterice por el mayor respeto hacia los tribunales. Es definitivamente un atentado a la administración de la justicia engañar y mentirle a los tribunales con el propósito de adelantar intereses personales. Ello, sin lugar a dudas, es una falta grave.

Por último, entendemos que no surge del expediente prueba clara, robusta y convincente que demuestre que el letrado sobrecargó innecesariamente los foros de instancia con múltiples procedimientos y litigación excesiva. Por lo tanto, no se evidenció que el querellado hubiese infringido el Canon 12 de Ética Profesional, que impone el deber de ser conciso y exacto en el trámite y presentación de causas.

IV

Tomando en consideración los hechos antes expuestos y en virtud de nuestro poder inherente para regular y disciplinar a los miembros de la profesión, concluimos que Otto H. Curras Ortiz violó las disposiciones de los Cánones 9, 35 y 38 de Ética Profesional. Nos engañó una vez y continuó haciéndolo. En atención al <u>patrón de conducta antiética y repetitiva</u> desplegada por el letrado,

entendemos que ello amerita la imposición de una <u>suspensión</u> <u>indefinida</u> del ejercicio de la abogacía.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Otto H. Curras Ortiz                    CP-2003-1


SENTENCIA

San Juan, Puerto Rico, a 31 de julio de 2008

Por los fundamentos expuestos en la anterior Opinión *Per Curiam*, se dicta Sentencia decretando la suspensión inmediata e indefinida de Otto H. Curras Ortiz del ejercicio de la abogacía. Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá además certificarnos, dentro del término de treinta días a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra y sello notarial de Otto H. Curras Ortiz y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo