*In re* JOSÉ F. VÁZQUEZ O'NEILL, querellado.

*Número:* O-84-439    *Resuelto:* 16 de junio de 1988

*E.L. Belén Trujillo*, abogado del querellado; *Rosa Negrón de Quiñones, Procuradora General Auxiliar*, abogada de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

El Lcdo. José F. Vázquez O'Neill fue admitido al ejercicio de la abogacía el 24 de noviembre de 1970 y al ejercicio del notariado el 27 de enero de 1971.

El 26 de junio de 1984 el Procurador General presentó ante nos una querella contra el licenciado Vázquez O'Neill en

la que le formuló seis (6) cargos por conducta antiética. Posteriormente el Procurador General adicionó cuatro (4) cargos más para un total de diez (10) cargos. En nueve (9) de estos cargos se le imputa haber retenido fondos pertenecientes a sus clientes, en violación al Canon 23 de Ética Profesional, 4 L.P.R.A Ap. IX. El otro cargo le imputa una violación de sus deberes como notario al no haber informado en los índices notariales correspondientes la autorización de dos (2) declaraciones juradas.

El 31 de julio de 1984 la Comisión de Ética del Colegio de Abogados presentó ante nos un informe referente a la conducta profesional del licenciado Vázquez O'Neill. En dicho informe, la Comisión de Ética imputa al abogado haber incurrido en conducta antiética al apropiarse de fondos pertenecientes a ocho (8) de sus clientes; ello en contravención al Canon 23 de Ética Profesional, *supra*.

En total, al querellado se le formularon dieciocho (18) cargos por conducta impropia: diecisiete (17) por haber retenido fondos de sus clientes y uno (1) por no haber incluido dos (2) declaraciones juradas en los índices semanales. Los fondos alegadamente retenidos fluctúan entre $60 y $7,400 y, en total, ascienden aproximadamente a $35,000.

El 1ro de noviembre de 1984 suspendimos al querellado del ejercicio de la abogacía y notaría por no haber cumplido con nuestras resoluciones y por no contestar al informe sobre conducta profesional sometido por el Colegio de Abogados.

El 24 de enero de 1985 nombramos Comisionado Especial al ex juez superior, Lcdo. Arturo Cintrón García. El querellado estuvo representado por el licenciado Belén Trujillo.

Todos los cargos por retención de fondos presentan un patrón común de conducta. En todos estos cargos los clientes, en su mayoría corporaciones norteamericanas, contrataban los servicios del querellado para que realizara gestiones de cobro de dinero y, en caso de que fuera necesario,

para que demandara a los deudores. Luego de cobradas las cuentas y recaudado el dinero, el querellado retenía los fondos sin devolverlos a sus clientes. En la mayoría de los casos el querellado no respondió a los innumerables requerimientos de sus clientes para que les devolviera el dinero, y en aquellos casos en que sí respondió lo hizo mediante cheques sin fondos.

En el Informe de la Conferencia entre Abogados con Antelación a la Vista suscrito por el Procurador General y el querellado, se estipuló que en once (11) de los diecisiete (17) cargos el querellado había pagado a sus clientes las sumas retenidas con posterioridad a la presentación de las quejas.

En la vista celebrada ante el Comisionado Especial el 20 de noviembre de 1985, el querellado declaró que la retención de fondos se debió a la conducta impropia de la administradora de su bufete. Según su testimonio, su oficina atendía aproximadamente unos dos mil (2,000) casos mensuales de cobro de dinero. Atestó que este gran volumen de trabajo le obligaba a delegar funciones en sus empleados. La administración del bufete estaba a cargo de una administradora, quien se encargaba de hacer directamente las gestiones de cobro. La administradora tenía la encomienda de hacer los depósitos en el banco de las sumas cobradas, de informar a los clientes del progreso de sus casos y de hacer las liquidaciones y pagos una vez las deudas fueran cobradas. El querellado declaró, además, que no podía supervisar con atención la labor de la administradora debido a que tenía que viajar constantemente al exterior para hacer gestiones de cobro para sus clientes. De acuerdo con su versión, él se percató de toda la situación surgida luego de que la administradora abandonara repentinamente su empleo y se marchara fuera de Puerto Rico sin dejar dirección conocida. El querellado alega que fue en ese momento cuando tuvo que enfrentarse a los reclamos de sus clientes y cuando se dio cuenta de que su

administradora había manejado impropiamente los fondos de los clientes.

El Comisionado Especial determinó que el testimonio del querellado era "dudoso y acomodaticio", por lo que no le merecía crédito alguno, y atribuyó la responsabilidad de lo sucedido a la "ostensible y reiterada dejadez del querellado en el ejercicio de su profesión". Informe del Comisionado Especial, págs. 24 y 26.

Luego de presentado el informe del Comisionado Especial, el Procurador General compareció para señalar que convenía con las determinaciones de hecho del Comisionado. El querellado replicó al informe indicando que ya había devuelto a sus clientes las cantidades retenidas y que éstos no tenían interés alguno en que se le disciplinara.

Los argumentos del querellado no nos persuaden. Hemos examinado cuidadosamente la transcripción de la prueba y la prueba documental, y no vemos razón alguna para apartarnos de las conclusiones del Comisionado Especial. Las mismas están ampliamente sostenidas por la prueba y por las admisiones del propio querellado.

El Canon 23 de Ética Profesional, *supra*, entre otros principios dispone:

> La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.

La retención de fondos de clientes por parte de los abogados constituye una práctica altamente lesiva a la profesión legal. Tal conducta menoscaba la relación de honradez y confianza que debe existir entre el abogado y su cliente, afecta la imagen de dignidad e integridad que debe guardar y proyectar todo abogado y la reputación de la profesión legal en la comunidad. "[L]a fe y la confianza del pueblo es

esencial para que el abogado pueda cumplir cabalmente la función que le corresponde en nuestra sociedad." *In re Guzmán*, 82 D.P.R. 235, 240 (1961).

■ Conducta como la señalada "afecta adversamente la reputación de la noble profesión de abogado que debemos mantener ante la sociedad, poniendo en entredicho las valiosas ejecutorias y beneficios mayores a los cuales ha contribuido históricamente". *In re Díaz García*, 104 D.P.R. 604, 608 (1976); *In re Rodríguez Bonhomme*, 119 D.P.R. 500 (1987).[1]

■ Un abogado no está exento de la sanción disciplinaria correspondiente por el hecho de haber devuelto los fondos retenidos o por haberlos retenido sin intención de apropiárselos permanentemente. La dilación en la devolución de los fondos de por sí es causa suficiente para tomar medidas disciplinarias contra el abogado. *In re Arana Arana*, 112 D.P.R. 838 (1982).

■ La conducta del licenciado Vázquez O'Neill de retener fondos pertenecientes a sus clientes infringe claramente el Canon 23 de Ética Profesional, *supra*, y demuestra una actitud de menosprecio hacia sus deberes como abogado.

■ La omisión del querellado de no incluir en sus índices semanales la autorización de dos (2) declaraciones juradas infringe, a su vez, las disposiciones de la anterior Ley Notarial de Puerto Rico, 4 L.P.R.A. ant. sec. 1001 y ss., y da margen a la imposición de sanciones disciplinarias. *In re De Jesús Fuentes*, 117 D.P.R. 90 (1986); *In re Vergne Torres*, 121 D.P.R. 500 (1988).

---

[1] Desde el año fiscal 1982–1983 hasta el 1987–1988 este Tribunal ha suspendido permanentemente de la profesión a un total de sesenta (60) abogados y notarios. Ello representa un 0.8% del total de abogados autorizados a ejercer la profesión que al 31 de diciembre de 1987 eran siete mil doscientos ventiuno (7,221).

La conducta reprobable, obstinada y altamente lesiva del querellado requiere la imposición de la sanción más severa.(2)

Por los fundamentos expuestos, *se separa indefinidamente al Lcdo. José F. Vázquez O'Neill del ejercicio de la abogacía. Se dictará la sentencia de conformidad con lo antes expuesto.*

---

(2) De solicitar el querellado la reinstalación consideraremos que después de su suspensión se han presentado en su contra varias quejas adicionales. Algunas de éstas hacen referencia a gestiones que hiciera el querellado en calidad de abogado mientras estaba suspendido de la profesión.