Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br>Antonio Reyes Vidal | 2012 TSPR 51<br><br>184 DPR ____ |

Número del Caso: TS-5382

Fecha: 6 de marzo de 2012

Oficina de la Procuradora General:

        Lcda. Zaira Z. Girón Anadón
        Subprocuradora General

Materia: Conducta Profesional- La suspensión será efectiva el 19 de marzo de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Antonio Reyes Vidal                    TS-5382

*PER CURIAM*

En San Juan, Puerto Rico, a  6  de marzo de 2012.

El Lcdo. Antonio Reyes Vidal fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976 y al ejercicio de la notaría el 14 de enero de 1977. El 29 de agosto de 1986, el licenciado Reyes Vidal renunció a la notaría para trasladarse a los Estados Unidos. El 5 de abril de 2010, la Secretaría de la Oficina de "Disciplinary Counsel" de Texas nos remitió copia certificada de la sentencia dictada por el Tribunal de Distrito de Bexar County de Texas (Tribunal de Distrito de Texas) en el caso *Commission for Lawyer Discipline v. Antonio Reyes Vidal,* 2008-CI-04181. Según surge del mencionado documento, el 7 de diciembre de 2009 dicho tribunal emitió una

sentencia mediante la cual desaforó al licenciado Reyes Vidal por infringir las Reglas 8.01(a) y 8.04(a)(3) de las Reglas Disciplinarias de Conducta Profesional de Texas, Texas Disciplinary Rules of Professional Conduct, R. 8.01(a) and R. 8.04(a)(3) en http://www.supreme.courts.state.tx.us/rules/rules.asp.[1]

Los hechos probados, según surgen de la sentencia, son los siguientes: el Sr. Misdael López Bonilla contrató al licenciado Reyes Vidal en el estado de Texas para un asunto migratorio y le entregó $5,000.00 para utilizarse como fianza. Al finalizar el caso, el licenciado Reyes Vidal se negó a devolverle dicho dinero al señor López Bonilla. El abogado alegó que el señor López Bonilla había firmado un documento en el cual accedió a que el licenciado Reyes Vidal se quedara con ese dinero, como parte de su compensación. Sin embargo, resultó que la firma en ese documento era una copia de otro documento, esto es, que el documento fue falsificado por el licenciado Reyes Vidal.

Por esos hechos, el Tribunal de Distrito de Texas desaforó indefinidamente de la práctica de la abogacía en dicho estado al licenciado Reyes Vidal. Además, ordenó

---

[1] Las mencionadas reglas disponen -en lo pertinente- que:

8.01(a) An applicant for admission to the bar, a petitioner for reinstatement to the bar, or a lawyer in connection with a bar admission application, a petition for reinstatement, or a disciplinary matter, shall not:
   (a) knowingly make a false statement of material fact;

8.04(a) A lawyer shall not:
   (3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

restituirle al señor López Bonilla los $5,000.00 de la fianza, y a satisfacer las costas y honorarios de abogados ascendentes a $18,683.87.

En vista de lo anterior, el 21 de mayo de 2010 emitimos una resolución mediante la cual referimos a la Procuradora General de Puerto Rico los documentos provistos por la Oficina de "Disciplinary Counsel" de Texas, para la investigación e informe correspondiente.

El 11 de agosto de 2011, la Procuradora General de Puerto Rico presentó una moción en la cual informó que el licenciado Reyes Vidal compareció el 2 de julio de 2010 para indicar que aún estaba pendiente una apelación en torno a la sentencia que conllevó su suspensión de la práctica de la profesión legal en el estado de Texas. Por consiguiente, el 2 de diciembre de 2011, se le concedió al licenciado Reyes Vidal un término de 20 días para que mostrara causa por la que no debíamos suspenderlo de la práctica de la abogacía por los hechos que provocaron su desaforo en el estado de Texas.

Como respuesta a nuestra orden, el licenciado Reyes Vidal compareció y alegó que no ha residido en Puerto Rico desde agosto de 1986 ni ha ejercido de ninguna manera la profesión legal en Puerto Rico. También, presentó "Moción alegando violación al debido proceso de ley", en la que argumentó que tal violación consistió en que no se le informó adecuadamente de los cargos y/o alegaciones en su contra.

I.

Hemos expresado reiteradamente que este Tribunal posee la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este Foro puede desaforar o suspender a los miembros de la profesión legal que no estén aptos para ejercer tal ministerio. In re Zúñiga López, 177 D.P.R. 385, 388 (2009).[2]

La relación de abogado y cliente debe fundamentarse en la absoluta confianza entre ambos. Por tanto, requiere un trato profesional caracterizado por la más devota lealtad y la más completa honradez. In re Cid, 173 D.P.R. 40 (2008). El Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 23 dispone -en lo pertinente- lo siguiente:

> La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.

Las disposiciones de este canon exigen del abogado total transparencia, particularmente cuando de asuntos de índole económica se trate. El abogado debe dar pronta cuenta del dinero u otros bienes del cliente que vengan a su

---

[2] Véanse, además, In re Castillo Martínez, 173 D.P.R. 249, 251 (2008); In re Morell Corrada, 171 D.P.R. 327, 330 (2007); In re González Díaz, 163 D.P.R. 648, 650 (2005).

posesión y no debe mezclarlos con los suyos ni permitir que se mezclen. In re Cid, *supra.* Expusimos en In re Fernández Paoli, 141 D.P.R. 10 (1996), que "la confianza entre abogado y cliente, en particular, el escrupuloso manejo de fondos, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puertorriqueño, sino en el respeto y la estima ante la imagen pública".

La retención de fondos de los clientes por parte de los abogados constituye una práctica altamente lesiva a la profesión legal. Esta conducta menoscaba la relación de honradez y confianza que debe existir entre el abogado y su cliente. Además, afecta la imagen de dignidad e integridad que debe guardar y proyectar todo abogado y la reputación de la profesión legal en la comunidad. In re Vázquez O´Neill, 121 D.P.R. 623 (1988). En sintonía con lo anterior, hemos resuelto que la retención de cualquier cantidad de dinero perteneciente a clientes infringe los postulados del Canon 23 del Código de Ética Profesional, *supra.* In re Cid, *supra;* In re Rivera Irizarry, 155 D.P.R. 687 (2001).

A la luz de los antes expuesto, nos corresponde evaluar la conducta del licenciado Reyes Vidal, ello con el propósito de determinar si procede su suspensión del ejercicio de la abogacía en Puerto Rico.

II

El licenciado Reyes Vidal falsificó la firma del señor López Bonilla en un documento en el que este último accedió a que el licenciado se quedara con el dinero de la fianza,

como parte de su compensación. Por tal actuación, el licenciado fue suspendido indefinidamente del ejercicio de la abogacía en el estado de Texas.

No hay duda de que la conducta del licenciado Reyes Vidal violó la confianza depositada en él por su cliente, el señor López Bonilla. Además, incurrió en conducta inmoral e impropia cuando, con la intención de defraudar a su cliente, falsificó la firma para retener dinero perteneciente a éste último. Estas actuaciones del abogado violan el Canon 23 del Código de Ética Profesional, *supra,* que le requieren darle pronta cuenta al cliente de su dinero y mantener una relación fundada en la absoluta honradez.

La conducta en que incurrió el licenciado Reyes Vidal ciertamente atenta contra el prestigio y la dignidad que deben caracterizar a los abogados. Esta conducta del abogado envolvió lesiones éticas graves que implican fraude, ilegalidad, falsificación y apropiación indebida de fondos pertenecientes a su cliente. Esto constituye motivo suficiente para suspenderlo del ejercicio de la profesión legal en Puerto Rico. En In re Morales Soto, 134 D.P.R. 1012 (1994), suspendimos al licenciado Morales Soto por haber retenido un cheque perteneciente a su cliente, falsificar la firma del cliente para endosarlo y depositarlo en su cuenta personal para cobrar los honorarios de abogado.

De otra parte el licenciado Reyes Vidal alegó que se le había violado el debido proceso de ley ya que no se le informó adecuadamente de los cargos en su contra. No le

asiste la razón. La sentencia emitida por el Tribunal de Distrito de Texas fue debidamente notificada al licenciado Reyes Vidal. La misma contiene los cargos en su contra por los cuales fue suspendido de la abogacía en Texas.[3] Es precisamente por dicha sentencia que se comenzó éste proceso disciplinario en contra del licenciado Reyes Vidal, en el cual éste ha tenido plena oportunidad de ser oído y presentar evidencia a su favor.

III

Habiendo recibido copia certificada de la sentencia mediante la cual el Tribunal de Distrito de Texas desaforó al licenciado Reyes Vidal y luego de examinar el expediente ante nuestra consideración, resolvemos que el licenciado Reyes Vidal violó el Canon 23 del Código de Ética Profesional, *supra.* En virtud de lo antes dispuesto, *se decreta la separación inmediata e indefinida del Lcdo. Antonio Reyes Vidal del ejercicio de la abogacía en Puerto Rico. Además, se ordena que su nombre sea borrado del registro de abogados autorizados para ejercer la profesión en esta jurisdicción.*

Se dictará Sentencia de conformidad.

---

[3] Los cargos en contra del licenciado Reyes Vidal fueron probados en el Tribunal de Distrito de Texas.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In Re:

Antonio Reyes Vidal

TS-5382

*SENTENCIA*

En San Juan, Puerto Rico, a  6  de marzo de 2012.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se decreta la **separación inmediata e indefinida** del Lcdo. Antonio Reyes Vidal del ejercicio de la abogacía en             Puerto Rico. Además, se ordena que su nombre sea borrado del registro de abogados autorizados para ejercer la profesión en esta jurisdicción.

El licenciado Reyes Vidal notificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados.  De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal.  La Jueza Asociada señora Pabón Charneco no interviene.  La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo