per curiam:
El Ledo. Antonio Reyes Vidal fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976 y al ejercicio de la notaría el 14 de enero de 1977. El 29 de agosto de 1986, el licenciado Reyes Vidal renunció a la no-taría para trasladarse a Estados Unidos. El 5 de abril de 2010, la Secretaría de la Oficina de “Disciplinary Counsel” de Texas nos remitió una copia certificada de la sentencia que dictó el Tribunal de Distrito de Bexar County de Texas (Tribunal de Distrito de Texas) en Commission for Lawyer Discipline v. Antonio Reyes Vidal, 2008-CI-04181. Según surge del mencionado documento, el 7 de diciembre de 2009 dicho tribunal emitió una sentencia mediante la cual *783 desaforó al licenciado Reyes Vidal por infringir las Reglas 8.01(a) y 8.04(a)(3) de las Reglas Disciplinarias de Con-ducta Profesional de Texas. Texas Disciplinary Rules of Professional Conduct, R. 8.01(a) and R. 8.04(a)(3), en http:// www.supreme.courts.state.tx.us/rules/rules.asp.(1)
Los hechos probados, según surgen de la sentencia, son los siguientes: el Sr. Misdael López Bonilla contrató al li-cenciado Reyes Vidal en el estado de Texas para un asunto migratorio y le entregó $5,000 para utilizarlos como fianza. Al finalizar el caso, el licenciado Reyes Vidal se negó a devolverle dicho dinero al señor López Bonilla. El abogado alegó que el señor López Bonilla había firmado un docu-mento en el cual accedió a que el licenciado Reyes Vidal se quedara con ese dinero, como parte de su compensación. Sin embargo, resultó que la firma en ese documento era una copia de otro documento, esto es, que el licenciado Reyes Vidal falsificó el documento.
Por esos hechos, el Tribunal de Distrito de Texas des-aforó indefinidamente de la práctica de la abogacía en dicho estado al licenciado Reyes Vidal. Además, ordenó res-tituirle al señor López Bonilla los $5,000 de la fianza, y a satisfacer las costas y honorarios de abogados ascendentes a $18,683.87.
Por lo anterior, el 21 de mayo de 2010 emitimos una resolución mediante la cual referimos a la Procuradora General de Puerto Rico los documentos provistos por la Ofi-cina de “Disciplinary Counsel” de Texas para la investiga-ción e informe correspondiente.
El 11 de agosto de 2011, la Procuradora General de *784 Puerto Rico presentó una moción en la cual informó que el licenciado Reyes Vidal compareció el 2 de julio de 2010 para indicar que aún estaba pendiente una apelación rela-cionada con la sentencia que conllevó su suspensión de la práctica de la profesión legal en el estado de Texas. Por consiguiente, el 2 de diciembre de 2011 se le concedió al licenciado Reyes Vidal un término de 20 días para que mostrara causa por la que no debíamos suspenderlo de la práctica de la abogacía por los hechos que provocaron su desaforo en el estado de Texas.
Como respuesta a nuestra orden, el licenciado Reyes Vidal compareció y alegó que no ha residido en Puerto Rico desde agosto de 1986 ni ha ejercido de ninguna manera la profesión legal en Puerto Rico. También, presentó “Moción alegando violación al debido proceso de ley”, en la que ar-gumentó que tal violación consistió en que no se le informó adecuadamente de los cargos y/o alegaciones en su contra.
h-H
 Hemos expresado reiteradamente que este Tribunal posee la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de esa facultad, este Foro puede desaforar o suspender a los miembros de la profesión legal que no estén aptos para ejercer tal ministerio. In re Zúñiga López, 177 D.P.R. 385, 388 (2009).(2)
La relación de abogado y cliente se debe fundamentar en la absoluta confianza entre ambos. Por lo tanto, requiere un trato profesional caracterizado por la más devota lealtad y la más completa honradez. In re Cid, 173 D.P.R. 40 (2008). El Canon 23 del Código de Ética Profesio- *785 nal, 4 L.P.R.A. Ap. IX, dispone —en lo pertinente— lo si-guiente:
La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.
Las disposiciones de este canon exigen del abogado total transparencia, particularmente cuando se trate de asuntos de índole económica. El abogado debe dar pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no los debe mezclar con los suyos ni permitir que se mezclen. In re Cid, supra. Expusimos en In re Fernández Paoli, 141 D.P.R. 10, 16 (1996), que “ ‘la confianza entre abogado y cliente, en particular, el escrupuloso manejo de fondos, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puertorriqueño, sino en el respeto y la estima ante la imagen pública’ ”.
El hecho de que los abogados retengan fondos de los clientes constituye una práctica altamente lesiva a la profesión legal. Esta conducta menoscaba la relación de honradez y confianza que debe existir entre el abogado y su cliente. Además, afecta la imagen de dignidad e integridad que debe guardar y proyectar todo abogado y la reputación de la profesión legal en la comunidad. In re Vázquez O’Neill, 121 D.P.R. 623 (1988). En sintonía con lo anterior, hemos resuelto que retener cualquier cantidad de dinero de un cliente infringe los postulados del Canon 23 del Código de Etica Profesional, supra. In re Cid, supra; In re Rivera Irizarry, 155 D.P.R. 687 (2001).
Según lo antes expuesto, nos corresponde evaluar la conducta del licenciado Reyes Vidal para determinar si procede suspenderlo del ejercicio de la abogacía en Puerto Rico.
*786 HH I — I
El licenciado Reyes Vidal falsificó la firma del señor Ló-pez Bonilla en un documento en el que este último accedió a que el licenciado se quedara con el dinero de la fianza como parte de su compensación. Por tal actuación, el licen-ciado fue suspendido indefinidamente del ejercicio de la abogacía en el estado de Texas.
No hay duda de que la conducta del licenciado Reyes Vidal violó la confianza que su cliente —el señor López Bonilla— depositó en él. Además, incurrió en conducta in-moral e impropia cuando, con la intención de defraudar a su cliente, falsificó la firma para retener dinero pertene-ciente a éste último. Estas actuaciones del abogado violan el Canon 23 del Código de Etica Profesional, supra, que requiere dar pronta cuenta al cliente de su dinero y man-tener una relación fundada en la absoluta honradez.
La conducta en que incurrió el licenciado Reyes Vidal ciertamente atenta contra el prestigio y la dignidad que deben caracterizar a los abogados. Esta conducta del abo-gado incluyó lesiones éticas graves que implican fraude, ilegalidad, falsificación y apropiación indebida de fondos pertenecientes a su cliente. Esto constituye motivo sufi-ciente para suspenderlo del ejercicio de la profesión legal en Puerto Rico. En In re Morales Soto, 134 D.P.R. 1012 (1994), suspendimos al licenciado Morales Soto porque re-tuvo un cheque que pertenecía a su cliente, y falsificó la firma del cliente para endosarlo y depositarlo en su cuenta personal para cobrar los honorarios de abogado.
De otra parte, el licenciado Reyes Vidal alegó que se le había violado el debido proceso de ley, ya que no se le in-formó adecuadamente de los cargos en su contra. No le asiste la razón. La sentencia que emitió el Tribunal de Dis-trito de Texas fue notificada al licenciado Reyes Vidal. La misma contiene los cargos en su contra, por los cuales fue *787 suspendido de la abogacía en Texas.(3) Es precisamente por dicha sentencia que se comenzó este proceso disciplinario en contra del licenciado Reyes Vidal, en el cual este ha tenido plena oportunidad de ser oído y presentar evidencia a su favor.
I — I HH I — 1
Habiendo recibido copia certificada de la sentencia me-diante la cual el Tribunal de Distrito de Texas desaforó al licenciado Reyes Vidal y luego de examinar el expediente ante nuestra consideración, resolvemos que el licenciado Reyes Vidal violó el Canon 23 del Código de Etica Profesio-nal, supra. Por lo antes dispuesto, se decreta la separación inmediata e indefinida del Ledo. Antonio Reyes Vidal del ejercicio de la abogacía en Puerto Rico. Además, se ordena que su nombre sea borrado del Registro de Abogados auto-rizados para ejercer la profesión en esta jurisdicción.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco no interviene. La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Las mencionadas reglas disponen —en lo pertinente— que:
“8.01(a) An applicant for admission to the bar, a petitioner for reinstatement to the bar, or a lawyer in connection with a bar admission application, a petition for reinstatement, or a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact;
8.04(a) A lawyer shall not:
(3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; ....”

 Véanse, además: In re Castillo Martínez, 173 D.P.R. 249, 251 (2008); In re Morell Corrada, 171 D.P.R. 327, 330 (2007); In re González Díaz, 163 D.P.R. 648, 650 (2005).

 Los cargos en contra del licenciado Reyes Vidal fueron probados en el Tribunal de Distrito de Texas.